IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01127-REB-CBS

TRENTON H. PARKER,
Plaintiff,
v.

UNITED STATES HOUSE OF REPRESENTATIVES,
CONGRESSWOMAN NANCY PELOSI, Speaker of the House,
CONGRESSWOMAN DIANA DEGETTE,
CONGRESSMAN JARED POLIS,
CONGRESSMAN JOHN SALAZAR,
CONGRESSWOMAN BETSY MARKEY,
CONGRESSMAN DOUG LAMBORN,
CONGRESSMAN MIKE [C]OFFMAN,
CONGRESSMAN ED PERLMUTTER, and
BERNIE BUESCHER, Colorado Secretary of State,
Defendants.

---

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Craig B. Shaffer

This civil action comes before the court regarding Plaintiff Mr. Parker's failure to timely appear at the Preliminary Scheduling Conference held on August 3, 2010, failure to comply with the Local Rules of Practice of the United States District Court for the District of Colorado, the Federal Rules of Civil Procedure, and court orders, failure to respond to Defendants' Motions to Dismiss (docs. # 5 and # 9), failure to respond to the court's Order to Show Cause dated August 4, 2010 (doc. # 17), and failure to prosecute this action. Pursuant to the Order of Reference dated May 17, 2010 (doc. # 2), this civil action was referred to the Magistrate Judge. The court has reviewed the entire case file and the applicable law and is sufficiently advised in the premises.

I. Statement of the Case

Proceeding *pro se*, Mr. Parker filed the instant action on May 14, 2010. (*See* doc. # 1). Mr. Parker filed his Amended Complaint on May 21, 2010. (*See* doc. # 4). Mr.

Parker seeks “relief from the United States District Court in the form of ‘Judicial Orders’ recalling the seven United States Congressional Representatives from the state of Colorado from representing the state of Colorado in the United States House of Representatives, . . .” (*See* Amended Complaint (doc. # 4) at p. 1 of 12). Mr. Parker alleges that because state judges in Colorado are selected through a judicial nominating commission and appointed by the Governor rather than elected through partisan political elections, U.S. Const art. XIV, § 2 operates to cause Colorado to “lose[] its right to representation in Congress in proportion to the ratio of qualified electors denied the right to vote for said state officers.” (*See* doc. # 4 at p. 4 of 12).[1]

By an Order dated May 19, 2010, the court set a Scheduling Conference on August 3, 2010 at 10:00 a.m.. (*See* doc. # 3). The court mailed a copy of the Order to Mr. Parker at his address of record with the court. (*See* doc. # 3, Notice of Electronic Filing). The court's records indicate that Mr. Parker's copy of the Order was not returned to the court in the mail as undeliverable. Subsequently, on June 29, 2010, the court converted the Scheduling Conference to a Preliminary Scheduling Conference. (*See* Minute Order (doc. # 8)). The court mailed a copy of the subsequent Minute Order to Mr. Parker at his address of record with the court. (*See* doc. # 8, Notice of Electronic Filing). The court's records

---

[1] “In 1966, a citizen-initiated constitutional amendment approved by the Colorado electorate ended the prior system of selecting Colorado county court, district court, and court of appeals judges and supreme court justices through partisan political elections, in favor of selecting them through nominating commissions, appointment by the governor from the list of those nominated, and retention votes by the electorate.” *In re Title, Ballot Title, Submission Clause, Summary for 2005-2006 # 75*, 138 P.3d 267, 268 (Colo. 2006). New judges and justices each serve a provisional term following appointment by the governor from nominations of the statewide citizen nominating commission. Colo. Const. art. VI, § 20(1). The provisional term is for two years plus the additional number of days until the second Tuesday in January following the next general election. *Id.* If they wish to continue serving in the judicial office to which the governor appointed them, judges and justices must stand for a retention vote before the statewide electorate. Colo. Const. art. VI, § 25. “This scheme replaced what has been called a ‘disastrous’ system in which judges and justices were elected on a political ticket.” *Romanoff v. State Com'n on Judicial Performance*, 126 P.3d 182, 185 (Colo. 2006).

indicate that Mr. Parker's copy of the Minute Order was not returned to the court in the mail as undeliverable.

On June 7, 2010, Defendant Buescher filed a Motion to Dismiss. (*See* doc. # 5). On June 8, 2010, the court directed Mr. Parker to file any response he had to the Motion to Dismiss on or before July 8, 2010. (*See* doc. # 7). As of this date, Mr. Parker has not filed any response to Defendant Buescher's Motion to Dismiss.

On July 20, 2010, Defendants Pelosi, DeGette, Polis, Salazar, Markey, Lamborn, Coffman, and Perlmutter filed a Motion to Dismiss. (*See* doc. # 9). On August 3, 2010, the court directed Mr. Parker to file any response he had to the Motion to Dismiss on or before August 18, 2010. (*See* doc. # 16). As of this date, Mr. Parker has not filed any response to the Congressional Defendants' Motion to Dismiss.

The court held the Preliminary Scheduling Conference on August 3, 2010 at 10:10 a.m. Defendants appeared through counsel, either in person or via telephone. Mr. Parker did not appear. The court indicated on the record that it would issue an Order to Show Cause to Mr. Parker. Later, at approximately 10:45 a.m., Mr. Parker appeared in the courtroom. Mr. Parker suggested to the Courtroom Deputy that the court contact defense counsel in order to proceed with the Preliminary Scheduling Conference. The Courtroom Deputy explained to Mr. Parker that the court would be issuing an Order to Show Cause.

On August 4, 2010, the court issued an Order directing Mr. Parker to show cause in writing on or before August 18, 2010 why this civil action should not be dismissed for failure to timely appear at the August 3, 2010 Preliminary Scheduling Conference, failure to comply with the Local Rules of Practice of the United States District Court for the District of Colorado, the Federal Rules of Civil Procedure, and court orders, and failure to prosecute this civil action. (*See* doc. # 17). *See also* D.C. COLO. LCivR 41.1 ("[a] judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure,

or any court order")). The court advised Mr. Parker that failure to adequately respond to the Order to Show Cause on or before August 18, 2010 may result in a Recommendation to District Judge Blackburn that this civil action be dismissed without further notice. (*See id.*).

## II. Analysis

Mr. Parker failed to timely appear at the Preliminary Scheduling Conference held on August 3, 2010, failed to comply with the Local Rules of Practice of the United States District Court for the District of Colorado, the Federal Rules of Civil Procedure, and court orders, failed to respond to Defendants' Motions to Dismiss (docs. # 5 and # 9), failed to respond to the court's Order to Show Cause dated August 4, 2010 (doc. # 17), and failed to prosecute this action. Based on these instances of noncompliance, this civil action may be dismissed with or without prejudice. *See AdvantEdge Business Group v. Thomas E. Mestmaker*, 552 F.3d 1233, 1236 (10th Cir. 2009) (internal quotation marks and citation omitted) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules."); *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 736 (6th Cir. 2008) ("Rule 41(b) of the Federal Rules of Civil Procedure confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or comply with the Rules or any order of the court."); Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits."); *Rogers v. Andrus Transp. Services*, 502 F.3d 1147, 1151 (10th Cir. 2007) ("Rule [41(b)] has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute. . . ."); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal."); D.C.COLO.LCivR 41.1 ("If good cause is not shown within the time set in the show cause order, a district judge or

a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.").

When dismissing a case without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." *AdvantEdge Business Group*, 552 F.3d at 1236 (internal quotation marks and citation omitted). The Tenth Circuit "has recognized that a dismissal without prejudice can have the practical effect of a dismissal with prejudice if the statute of limitations has expired." *Id.* (citation omitted). Mr. Parker has not addressed the possible running of a statute of limitations or identified any applicable limitation periods or tolling provisions. Mr. Parker's claims do not appear to be barred by the expiration or imminent expiration of a statute of limitations.[2] Nevertheless, if Mr. Parker's claims could be barred by the applicable statute of limitations, the district court should ordinarily consider certain criteria. *AdvantEdge Business Group*, 552 F.3d at 1236 n. 2 ("The non-exhaustive list of factors is: (1) the degree of actual prejudice to the other party; (2) the amount of interference with the judicial process; (3) the litigant's culpability; (4) whether the court warned the party in advance that dismissal would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.") (internal quotation marks and citations omitted).

Analyzing the criteria, the court determines that, first, Mr. Parker's noncompliance in prosecuting this case may cause actual prejudice to the Defendants' ability to defend the case. Mr. Parker's conduct has prejudiced Defendants by causing Defendants to expend time and money, including appearance at the August 3, 2010 Preliminary Scheduling Conference at which Mr. Parker did not appear.

Second, Mr. Parker's conduct in this case has interfered with the judicial process in that the court has been required to monitor the case, hold conferences, and issue orders

[2] The court is not convinced that it is required to *sua sponte* identify and apply the limitations periods or tolling provisions applicable to Mr. Parker's claims.

in an attempt to advance the case. Mr. Parker's conduct has impaired the court's ability to ensure compliance with the Federal Rules of Civil Procedure, the Local Rules for the District Court for the District of Colorado, and the court's orders. "[I]f a party 'could ignore court orders . . . without suffering the consequences, then the district court cannot administer orderly justice, . . .' " *EBI Securities Corp*, 219 F.R.D. 642, 648 (D. Colo. 2004) (citing *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992)).

Third, the record is clear that Mr. Parker alone is responsible for his noncompliance in this case. Mr. Parker has not communicated that his non-compliance with the orders and rules of this court was inadvertent due to his inability to comply. Mr. Parker was made aware of his obligations and he did not request any extension, demonstrate any need for an extension, or offer any acceptable explanation for his non-compliance. A willful failure is "any intentional failure as distinguished from involuntary noncompliance. No wrongful intent need be shown." *M.E.N. Co.*, 834 F.2d at 872-73 (internal quotation marks and citation omitted).

Fourth, the court has warned Mr. Parker regarding the risk of noncompliance with the court's orders, the Local Rules for the District Court for the District of Colorado, and the Federal Rules of Civil Procedure. (*See* doc. # 17). Further, "[t]he Federal Rules of Civil Procedure, as well as local rules of court, give ample notice to litigants of how to properly conduct themselves." *Hal Commodity Cycles Management Co. v. Kirsh*, 825 F.2d 1136, 1139 (7th Cir. 1987).

Finally, there is no lesser sanction that is appropriate under the circumstances. The court's orders have not produced compliance by Mr. Parker. It would be pointless to impose any lesser sanction on Mr. Parker, who has repeatedly failed to abide by the rules and orders of the court and failed to advance this case.

Accordingly, IT IS RECOMMENDED that this civil action be dismissed without prejudice for Mr. Parker's failure to timely appear at the Preliminary Scheduling Conference held on August 3, 2010, failure to comply with the Local Rules of Practice of the United States District Court for the District of Colorado, the Federal Rules of Civil Procedure, and court orders, failure to respond to Defendants' Motions to Dismiss (docs. # 5 and # 9), failure to respond to the court's Order to Show Cause dated August 4, 2010 (doc. # 17), and failure to prosecute this action.

**Advisement to the Parties**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the magistrate judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).

The district judge shall make a *de novo* determination of those specific portions of the proposed findings or recommendations to which specific objection is made. 28 U.S.C. § 636(b)(1). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. *See In re Griego*, 64 F.3d at 583; *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1).

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *One Parcel of Real Property*, 73 F.3d at 1060. Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's

proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (district court's decision to review a magistrate's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc*., 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 3rd day of September, 2010.

BY THE COURT:

s/Craig B. Shaffer
United States Magistrate Judge